Judgment, Supreme Court, New York County (Saralee Evans, J.), entered October 4, 2011, in plaintiff’s favor, and bringing up for review an order, same court and Justice, entered on or about September 15, 2011, which confirmed the Special Referee’s report, dated October 20, 2010, regarding defendant’s retroactive child support arrears, and modified the Special Referee’s report, dated January 25, 2011, to correct a miscalculation of the amount of counsel fees awarded to plaintiff, unanimously affirmed, without costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order and judgment (one paper), same court and Justice, entered December 21, 2010, which granted *421 plaintiffs motion to confirm the report of the Special Referee, dated July 14, 2010, adjudged defendant in civil contempt, and ordered him to pay $10,000 to plaintiff, pursuant to 22 NYCRR 130-1.1, unanimously affirmed, with costs.
The Special Referee’s findings regarding counsel fees (as corrected) and retroactive child support arrears are amply supported by the record (see Sichel v Polak, 36 AD3d 416 [2007]). Domestic Relations Law § 237 (b) authorizes the court to award counsel fees in enforcement actions. In addition, the parties’ so-ordered 2000 stipulation provided that plaintiff would be entitled to an award of counsel fees for fees incurred in connection with effecting payment of add-on expenses. Defendant’s argument that no definitive order was issued that judicially determined that plaintiff was entitled to counsel fees is without merit.
We also find that the record clearly supports a finding of civil contempt based upon defendant’s failure to comply with court-ordered child support payments, which, as the Special Referee found, was undertaken primarily to harass plaintiff. The court’s direction that defendant reimburse plaintiff for costs occasioned by his frivolous conduct was an appropriate exercise of discretion (see Matter of Beiny, 164 AD2d 233 [1990]).
We have considered defendant’s remaining arguments and find them unavailing. Concur — Mazzarelli, J.P., Moskowitz, Renwick and Freedman, JJ.